**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR SASCO MORTGAGE LOAN TRUST 2004-GE13, | : : : : | CIVIL ACTION NO. 3:16-0940 |
| | : | (JUDGE MANNION) |
| **Plaintiff** | : | |
| v. | : | |
| DARIUS WOODLEY and MOLITA WOODLEY, 41 Pheasant Road a/k/a 452 Pheasant Road, Saylorsburg, PA 18353-9350, | : : : | |
| **Defendants** | : | |

## MEMORANDUM

On May 19, 2016, the defendants filed a notice of removal of the instant action to this court from the Court of Common Pleas of Monroe County.[1] (Doc.

---

[1]Pursuant to 28 U.S.C. §1446:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter . . .

A district court may not *sua sponte* remand an action to state court based upon procedural defects in the removal. See In re FMC Corp. Packaging Systems Div., 208 F.3d 445 (3d Cir. 2000) (citing In re First National Bank of Boston, 70 F.3d 1184 (11th Cir.), *vacated as moot*, 102 F.3d 1577 (1996) (District Courts are without discretion to remand *sua sponte* for

(continued...)

1). Upon review of the materials attached to the notice of removal, the action involves the foreclosure upon and Sheriff's sale of the defendants' property. Along with their notice of removal, the defendants filed a motion to proceed *in forma pauperis*. (Doc. 2).

On May 25, 2016, the defendants' filed a motion to stay the Sheriff's sale of their home in Saylorsburg, Pennsylvania, which was scheduled to take place on May 26, 2016. (Doc. 3). Given the timing of the filing of the motion to stay in this court and the apparent exigency of the matter, the court entered an order on May 25, 2016 denying the motion for stay with an indication that this supporting memorandum would follow. (Doc. 4).

The defendants seek injunctive relief in the form of a motion to stay the Sheriff's sale of their home. Injunctions may issue in only exceptional and extraordinary circumstances. Parent v. Whinston, 347 F. Supp. 471, 472 (E.D. Pa. 1972) (citing Miller v. Standard Nut Margarin Co., 284 U.S. 498 (1932)). The grant or denial of a motion for injunctive relief is within the sound discretion of the district judge. Kershner v. Mazurkiewicz, 670 F.2d 440, 443

---

[1](...continued)
procedural defects within the 30-day period after filing of removal notice); Page v. City of Southfield, 45 F.3d 128 (6th Cir. 1995) (same); In re Continental Casualty Co., 29 F.3d 292 (7th Cir. 1994) (same); and In re Allstate Insurance Co., 8 F.3d 219 (5th Cir. 1993) (same). However, the court notes in this case that the defendants' removal of this action clearly violates the dictates of 28 U.S.C. §1446, which requires that an action be removed within thirty days of the service of the complaint in the state court action, as the Monroe County docket in this case reflects that the defendants were served with the complaint in this action back in 2012. See Court of Common Pleas of Monroe County Docket No. 1440-CV-12.

(3d Cir. ) (citing Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc., 630 F.2d 120, 136 (3d Cir. 1978), *cert. denied*, 449 U.S. 1014 (1980). Injunctive relief is not granted as a matter of right. Id.

In order to obtain injunctive relief, the moving party must demonstrate: (1) the  likelihood of success on the merits; (2) that the party will suffer irreparable harm by the denial of the injunction; (3) that granting the relief will not result in even greater harm to the other interested party; and (4) the public interest will not be adversely affected by the granting of relief. Ecri v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987); In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." Arthur Treacher's, 689 F.2d at 1143.

The court finds that the defendants in this action have not shown a likelihood of success on the merits. To this extent, the defendants' action is barred by the Rooker-Felman doctrine, which precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments.[2] The Rooker-Feldman doctrine, which derives its name from the Supreme Court's decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), "preclude[s] lower federal court jurisdiction over claims that were actually litigated or

---

[2]The court notes that there is no indication from the state court docket that the defendants attempted to appeal the decisions of the Monroe County Court of Common Pleas to the Pennsylvania appellate courts.

'inextricably intertwined' with adjudication by a state's courts." A claim is "inextricably intertwined" where "the federal court must determine that the state court judgment was erroneously entered" in order to grant the federal plaintiff the relief sought or "the federal court must . . . take action that would render [the state court's] judgment ineffectual." Id. at 421 (citations omitted).

Here, a judgment against the defendants has been entered in the foreclosure action in the Monroe County Court of Common Pleas which allows for the Sheriff's sale of the property at issue. By way of the instant action and the motion to stay, the defendants are essentially asking that this court void that judgment by stopping the sale of the property. Such relief is barred by the Rooker-Feldman doctrine. See Hansford v. Bank of America, 2008 WL 4078460,*5 (E. D. Pa.) (a claim that would "effectively undo" the state court's foreclosure judgment is "inextricably intertwined" with a prior state court judgment, and the district court lacks jurisdiction over such claim under the Rooker-Feldman doctrine); Jacobowitz v. M&T Mortgage Corporation, 372 Fed. App'x 225 (3d Cir. 2010) (same). See also Klein v. U.S. Bank, N.A., 2010 WL 703255, **7-8 (M.D. Pa.) ("The plaintiff's request that this Court "stop the foreclosure" is in essence a request to vacate the determination of the state court and to render the state court's foreclosure judgment void. This Court is precluded by the Rooker-Feldman Doctrine from doing so.").

This court finds that the defendants' action is "inextricably intertwined" with the Monroe County Court of Common Pleas' adjudications and any attempt to interfere with those adjudications is barred by the Rooker-Feldman

4

doctrine. Under the Rooker-Feldman doctrine, this court is precluded from exercising subject matter jurisdiction over the defendants' present action. See Jacobowitz v. M&T Mortgage Corporation, supra.

Moreover, the defendants' have not shown immediate irreparable harm. To this extent, monetary damages would be adequate to compensate the defendants if, for some reason, the foreclosure judgment and Sheriff's sale are invalidated.

In light of the above, the instant action will be dismissed and the motion to stay denied. An appropriate order shall issue.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 31, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0940-01.wpd